# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF KARLON KIDDER, BAR NO. 11622

No. 84155

FILED

APR 29 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
HIEF DEPUTY CLERK

## ORDER OF PUBLIC REPRIMAND

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation to publicly reprimand attorney Karlon Kidder for violating RPC 1.1 (competence) and RPC 1.3 (diligence). The panel also recommended requiring Kidder to complete additional continuing legal education (CLE) hours. Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Kidder committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We defer to the panel's factual findings that Kidder violated RPC 1.1 and RPC 1.3 as those findings are supported by substantial evidence and are not clearly erroneous. SCR 105(3)(b); *In re Discipline of Colin*, 135 Nev. 325, 330, 448 P.3d 556, 560 (2019). In particular, the record demonstrates that in Kidder's representation of an estate client, he failed to ensure that notice requirements were met and failed to timely object to a petition for appointment of special administrators, resulting in the appointment of an opposing party, instead of his client.

SUPREME COURT
OF
NEVADA

(O) 1947A

22-13658

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Here, Kidder negligently violated duties owed to his client (competence and diligence). His misconduct had the potential for injury because his client was not appointed as the estate administrator, which had been her initial goal. The baseline sanction for Kidder's misconduct, before consideration of aggravating and mitigating circumstances, is a public reprimand. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.43 (Am. Bar Ass'n 2017) (providing that a reprimand is "appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client"); Standard 4.53 (explaining that a reprimand is appropriate when a lawyer fails to understand relevant legal procedures and causes injury or potential injury to a client). The panel found and the record supports two aggravating circumstances (prior discipline and substantial experience in the practice of law) and one mitigating circumstance (absence of dishonest or selfish motive). Considering all the factors, we agree with the panel that a public reprimand is appropriate to serve the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28

SUPREME COURT
OF
NEVADA

(O) 1947A

2

(1988) (providing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney).

Accordingly, we hereby publicly reprimand attorney Karlon Kidder for violating RPC 1.1 (competence) and RPC 1.3 (diligence). Additionally, Kidder shall complete two hours of CLE in ethics and two hours of CLE in probate, in addition to his annual CLE requirements, by December 31, 2022. Kidder shall also pay the costs of the disciplinary proceedings, including $1,500 under SCR 120(3), within 30 days from the date of this court's order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.[1]

_____, C.J.
Parraguirre

_____, J.
Cadish

_____, Sr.J.
Gibbons

cc:  Chair, Northern Nevada Disciplinary Board
     Karlon J. Kidder
     Bar Counsel, State of Nevada
     Executive Director, State Bar of Nevada
     Admissions Office, U.S. Supreme Court

---

[1]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.